IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SEASONS (HK) LTD. AND<br>SEASONS USA, INC.<br><br> *Plaintiffs,*<br><br>v.<br><br>FIVE BELOW, INC.<br><br> *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>JURY DEMAND |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Seasons (HK) Ltd. and Seasons USA, Inc. (collectively "**Plaintiffs**" or "**Seasons**") file this, their Original Complaint. Seasons assert a claim for infringement of U.S. Copyright Nos. VAu 1-396-126, VAu 1-359-940, and VAu 1-284-994 (collectively, the "**Copyrights**") by Defendant Five Below, Inc. ("**Five Below**" or "**Defendant**"). In support thereof, Seasons would respectfully show the Court the following:

### **PARTIES**

1. Plaintiff Seasons USA, Inc. is a New York corporation with its principal place of business in Arkansas. Seasons USA, Inc. owns the Copyrights.

2. Plaintiff Seasons (HK) Ltd. is a company based in Hong Kong with its principal place of business located in Hong Kong. Seasons (HK) Ltd. licenses the Copyrights pursuant to which it manufactures and sells products that are covered by the Copyrights.

3. Defendant Five Below is a Pennsylvania corporation with its principal place of business located at 701 Market Street, Suite 300, Philadelphia, Pennsylvania 19106. According to its 2023 Annual Report, as of February 3, 2024, Five Below operated 1,544 locations throughout

the United States.  Of those locations, 169 Five Below Stores are located in Texas, including a number of stores being located in the Eastern District of Texas.  For example, Five Below operates a store at 190 E. Stacy Rd., Suite 2650 in Allen, Collin County, Texas; 1800 Loop 288, Suite 360, Denton, Denton County, Texas; 2640 W University Dr., Suite 1260, Denton, Denton County, Texas; 3333 Preston Road, Frisco, Collin County, Texas; 4995 Eldorado Pkwy, Frisco, Collin County, Texas; 3096 N Eastman Rd Suite 104, Longview, Gregg County, Texas 75605; 4505 S. Medford Dr., Suite 107, Lufkin, Angelina County, Texas; 1751 N. Central Expy, McKinney, Collin County, Texas; 8720 TX-121, Suite 120, McKinney, Collin County, Texas; 3510 Lamar Ave., Suite 590, Paris, Lamar County, Texas; 1701 Preston Rd Suite C1, Plano, Collin County, Texas 75093; 1121 S. Preston Road, Prosper, Collin County, Texas; 4121 North US Highway 75, Sherman, Grayson County, Texas; 3327 Mall Drive, Texarkana, Bowie County, Texas; 8942, S. Broadway Ave., Tyler, Smith County, Texas; and 3420 FM 544, Suite 700, Wylie, Collin County, Texas.  Five Below may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1338, as this action arises in part under the Copyright Act, 17 U.S.C. §§ 101, et seq., and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 28 U.S. Code § 1400(a) as Five Below may be found in the Eastern District of Texas due to its sale and distribution of infringing products within this District.  Five Below operates at least 16 stores located throughout the Eastern District of Texas, including, as set out above, in Allen, Denton, Frisco, Longview, Lufkin, McKinney, Paris,

Plano, Sherman, Texarkana, Tyler and Wylie. In addition, Five Below systematically and continuously distributes products, including the infringing products discussed herein, to stores throughout Texas, including their respective stores located in the Eastern District of Texas, as well as to consumers in this district through its website at www.fivebelow.com.

## FACTS

A. <u>Seasons and Its Copyrighted Works</u>

6. Seasons is a leading designer, manufacturer, and wholesale provider of Halloween products, including masks, costumes, and home decorations. Among other items, Seasons has created unique sculptures of real and fanciful animal skeletons that are marketed to consumers as decorations for display in connection with Halloween. These items include: "Skinny Bonez," "Teddy Bonez," "Ducky Bonez" "Skeleton Arms" and "Buried Alive Skeleton" (the "**Works**").

7. The Works are wholly original works of authorship as defined by the Copyright Act, 17 U.S. Code § 102.

8. Seasons is the rightful owner of three registered copyrights for the Works: Registration No. VAu 1-396-126, titled "W80250 Deer and 8 Other Unpublished Works," was registered on March 6, 2020, a copy of which is attached as Exhibit A; Registration No. VAu 1-359-940, titled "2019 Skeleton Bonez," was registered on January 16, 2019, a copy of which is attached as Exhibit B; and Registration No. VAu 1-284-994, titled "2017 Lawn Decorations," was registered on January 5, 2017, a copy of which is attached as Exhibit C (collectively, the "**Copyrights**").

9. Seasons has manufactured, distributed, and displayed the Works to consumers as decoration for display in connection to Halloween. As a result, the Halloween season is the busiest

time during which Seasons sells the Works. Sales during this period account or the majority of Seasons' annual revenues.

10. Seasons has consistently enforced its copyrighted works. To date, Seasons has filed copyright infringement lawsuits against Oriental Trading Company, Inc. and Morris Costumes, Inc.; Dollar Tree, Inc., Family Dollar Stores, Inc., Greenbriar International, Inc. and Midwood Brands, LLC; SCS Direct, Inc.; Sunstar Industries, Inc.; Joyin, Inc.; L.T.D. Commodities, LLC; Fun World, Inc and Easter Unlimited, Inc.; and Shenzhenshi Afanda Qichefuwu Youxian Gongsi d/b/a Duyonzz. A number of these cases have resulted, in part, in the entry of agreed injunctions barring future sales of products that infringe various of Seasons' copyrighted works.

B. Five Below's Infringing Conduct

11. Five Below is a specialty retailer that targets merchandise at the "tween" and teen demographic. As noted above, Below Five operates more than 1,500 stores across the United States, with at least 169 of those stores operating within Texas. In addition, the company sells its merchandise on the internet, through its "fivebelow.com" e-commerce website. Five Below also sells merchandise through on-demand third-party delivery service. For fiscal year 2023, Five Below reported net sales of more than $3.5 billion, with net income of more than $300 million.

12. Five Below understands the importance of intellectual property rights, and takes steps to protect its own rights. According to its 2023 Annual Report, Five Below owns a number of trademarks that have been registered with the U.S. Patent and Trademark Office, as well as domain names and unregistered copyrights in its website content. Further Five Below relies on a combination of copyright, trademark, trade dress and unfair competition laws to establish and protect its own intellectual property and other proprietary rights. For example, whenever practicable, Five Below pursues any infringement of its own trademarks. Five Below

acknowledges that unauthorized use of its intellectual property rights by others can cause significant damage to its brands and have an adverse impact on its business. Contrary to how it attempts to protect its own intellectual property rights, Five Below takes a much less protective interest toward the intellectual property rights of others, such as Seasons. Five Below does not manufacture any of the merchandise its purchases from its vendors for sale to its customers. Five Below is well aware that the merchandise it purchases from its vendors may be subject to copyrights or patents, or may otherwise incorporate protected intellectual property. In spite of this knowledge, and its awareness of the importance of protecting its own intellectual property rights, Five Below does not routinely independently investigate whether its manufacturing partners hold intellectual property rights to the merchandise that they sell to Five Below. In short, Five Below willfully turns a blind eye to whether or not the merchandise it purchases from its vendors may infringe any other person's copyrights or other intellectual property rights.

13. According to a September 5, 2024 press release, Five Below boasts that it is "the one-stop shop for Halloween." Five Below highlights skeletons among its "Frightfully Fun Décor." Through its stores, including those located throughout the Eastern District of Texas, as well as its internet website, Five Below sells products that are infringing copies of the Works ("the **Infringing Products**"). The Infringing Products specifically referenced in this Complaint are not comprehensive of all products sold by Five Below that may infringe the Copyrights. Seasons reserves the right to seek discovery on the products sold by Five Below in order to identify all of its products that infringe Seasons' copyrights.

14. Seasons purchased samples of some of the Infringing Products for inspection. As shown in the images below, the various samples inspected are direct copies of the Works and/or are derived from the Works:

**IMAGE 1 ("Skinny Bonez"):**



**IMAGE 2 ("Teddy Bonez"):**



**IMAGE 3 ("Ducky Bonez"):**



**IMAGE 4 ("Skeleton Arms" and "Buried Alive Skeleton"):**



15. Five Below has used, sold, and distributed the Works without Seasons' authorization or consent, and without paying any compensation to Seasons.

16. Five Below has willfully copied and exploited the Works in disregard of, and with indifference to, Seasons' rights. Further, Five Below's intentional, infringing conduct was undertaken to reap the creative, artistic, and aesthetic benefit and value associated with the Works. By failing to obtain Seasons' authorization to use the Works or to compensate Seasons for such use, Five Below has avoided paying license fees and other financial compensation associated with obtaining permission to exploit the Works, as well as the restrictions that Seasons is entitled to and would place on any such exploitation as conditions for Seasons' permission, including the right to deny permission altogether. In addition, Seasons' business reputation and good will have been significantly injured. Seasons has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knock-offs that have flooded the market.

17. As a result of Five Below's actions described above, Seasons has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, sale, and distribution of the Works. Five Below has never accounted to or otherwise paid Seasons for their use of the Works.

## COUNT ONE:  COPYRIGHT INFRINGEMENT

18. Seasons repeats and realleges the previous paragraphs hereof, as if fully incorporated herein.

19. The Works are original Halloween-themed decoration sculptures containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.  Seasons is the exclusive owner of rights under copyright in and to the Copyrights.  Seasons owns valid copyright registrations for the Works.

20. Through Five Below's conduct as set out herein, including its reproduction, sale, and distribution of the Works without Seasons' permission, Five Below has directly infringed Seasons' exclusive rights in the Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

21. Five Below's infringing conduct as set out herein was, and continues to be, willful and with full knowledge of Seasons' rights in the Works, or through willful blindness to Seasons' rights, and has enabled Five Below illegally to obtain profit therefrom.

22. As a direct and proximate result of Five Below's infringing conduct alleged herein, Seasons has been harmed and is entitled to damages in an amount to be proven at trial.  Pursuant to 17 U.S.C. § 504(b), Seasons is also entitled to recovery of Five Below's profits attributable to its respective infringing conduct as set out herein, including from any and all sales of the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

23. Alternatively, Seasons is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) for Five Below's infringement of each of Seasons' Works, and for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

24. Seasons further is entitled to its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

25. As a direct and proximate result of Five Below's infringing conduct as set out herein, Seasons has sustained and will continue to sustain substantial, immediate, and irreparable injury, including irreparable injury to its business goodwill, for which there is no adequate remedy at law. Unless Five Below is enjoined by this Court, it will continue to infringe the Copyrights. Seasons therefore is entitled to a preliminary and permanent injunction enjoining Five Below from engaging in any ongoing infringing conduct.

## PRAYER FOR RELIEF

Seasons respectfully requests the Court to:

1. Find that Five Below violated Section 501 of the Copyright Act (17 U.S.C. § 501);

2. Grant a temporary restraining order, preliminarily injunction and, upon trial on the merits, a permanent injunction against Five Below enjoining it and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell Works, including the Infringing Products; and

   b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3. Order that Five Below provide an accounting of its respective profits attributable to its infringing conduct, including Five Below's profits from sales and any other exploitation of the Copyrights, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Works over the past four (4) years as well as the identities of the manufacturers or other source(s) of the Infringing Products;

4. In conjunction with or in addition to a preliminary injunction, grant a seizure and impoundment order under 17 U.S.C. § 503, ordering the United States Marshal to seize and take possession of all products or goods in the possession of Five Below that infringe on any of the Season's Copyrights, as well as ordering Five Below to turn over all copies and all means for reproducing copies of the infringing goods or products to the Court to be held for the duration of this case. Moreover, upon final trial or other adjudication, Seasons requests the Court to order that all infringing products be turned over to it for purposes of being destroyed;

5. Order Five Below, at its own expense, to recall the Infringing Products from any distributors, retailers, vendors, or others that have distributed the Infringing Products on behalf of the Five Below, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Works, and that Five Below be ordered to destroy or deliver up for destruction all materials returned to them;

6. Award Seasons:

  a. Five Below's profits obtained as a result of its infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrights and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

  b. disgorgement of Five Below's profits;

  c. lost profits and/or any and all other damages sustained by Seasons as a result of Five Below's infringing conduct, in an amount to be proven at trial;

  d. alternatively, should Seasons so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

  e. such enhanced damages or exemplary damages to which Seasons may be entitled; and

  f. Seasons' reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7. Awarding Seasons interest, including pre-judgment and post-judgment interest, on the foregoing sums at the highest rates allowed by law; and

8. Awarding such other and further relief as the Court deems just and proper.

**A TRIAL BY JURY IS DEMANDED**.

Dated: September 18, 2024    Respectfully submitted,

By: /s/ *Steven N. Williams*
Steven N. Williams
Texas State Bar No. 21577625
swilliams@munsch.com
William Zac Duffy
Texas State Bar No. 24059697
zduffy@munsch.com
Jay D. Evans
Texas State Bar No. 24131803
jdevans@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR PLAINTIFFS SEASONS (HK) LTD. AND SEASONS USA, INC.**